STATE OF NORTH CAROLINA v. THOMAS GARLAND HART

No. 7612SC907

(Filed 4 May 1977)

Criminal Law § 118.2— charge on State's contentions — no error

In a prosecution for possession of heroin the trial court's jury instruction that the State contended that heroin was found in defendant's hand was proper.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 3 June 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 April 1977.

Defendant was charged with the felony of possession of heroin (G.S. 90-89[b]) and with the misdemeanor of possession of a hypodermic syringe and needle (G.S. 90-113.4). By special indictment defendant was charged with one previous conviction of violation of the North Carolina Controlled Substances Act. In the absence of the jury defendant was arraigned upon the special indictment and admitted a previous conviction. In the presence of the jury evidence was offered only upon the two current charges of possession of heroin and the hypodermic syringe and needle.

The State's evidence tends to show the following: Pursuant to a search warrant, several police officers entered defendant's residence. They heard the sound of "running feet." An officer looked through the bathroom window and saw defendant standing with his back to the commode, which was flushing at that time. Another officer entered the bathroom from the hallway, shoved defendant aside, and retrieved a paper bag from the commode before it could flush away. The paper bag contained twenty-five foil packets of heroin. Two other foil packets of heroin were found—one in the hallway and the other on one of the beds. A hypodermic syringe and needle were found in

a cologne box on the coffee table in the living room. Two females were in the house with defendant. One of the females became angry because the officers interrupted her before she could give herself a shot of heroin.

Defendant was found guilty of possession of heroin, and a prison sentence of ten years was imposed on this second conviction of felonious violation of the Controlled Substances Act.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*DeMent, Redwine, Yeargan & Askew, by Russell W. DeMent, Jr., for the defendant.*

BROCK, Chief Judge.

During his instructions to the jury, the trial judge stated "and the State further contends that the heroin was found in his hand." Defendant argues that this was a misstatement of a contention upon a material point which included an assumption of evidence unsupported by the record and that it must be held prejudicial notwithstanding the absence of a timely objection.

The principle of law argued by defendant is sound, but we do not agree that it is applicable to this case. From the evidence it can reasonably be inferred that when the officers announced their presence, defendant ran to the bathroom with the bag of heroin in his hand, threw the bag into the commode, and undertook to flush it down the drain. The bag was retrieved only by the alert action of the police officer. From this it was reasonable for the State to contend that defendant was caught with the heroin in his hand.

Although we perceive no prejudicial error, it seems appropriate to point out that this appeal is here only because the trial judge undertook to detail the contentions of the parties. It has been held many times that the trial judge is not required to state to the jury the contentions of the State and the defendant. It is in stating the contentions in criminal cases that error frequently occurs, and a detailed statement of contentions serves to expand the opportunity for error.

No error.

Judges VAUGHN and CLARK concur.